IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RANDEN and JESSICA HARMON                                                                  PLAINTIFFS

v.                                            Case No. 2:15-CV-02098

WELLS FARGO BANK, N.A.; and
CLARENCE HENSON, JR.                                                                        DEFENDANTS

<u>**ORDER**</u>

On July 1, 2015, the Court issued an order (Doc. 11) directing Plaintiffs to correctly assert the citizenship of each party to the case and the amount in controversy in order for the Court to be able to ascertain if it could properly exercise jurisdiction. In their response (Doc. 12), Plaintiffs stated that both Plaintiffs and Defendant Clarence Henson, Jr. are citizens of Arkansas. *Id*. at ¶¶ 1, 3. Plaintiffs did not directly address the Court's concerns as to the amount in controversy and simply stated, without further explanation, that the amount in controversy exceeds $75,000. *Id*. at ¶ 4. Despite their admission that the parties were not completely diverse, Plaintiffs invoked the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). *Id*. On the same day, Plaintiffs filed a motion to dismiss the non-diverse Defendant, Henson. (Doc. 18). Defendant Wells Fargo Bank, N.A. ("Wells Fargo") has filed a motion to dismiss for lack of jurisdiction (Doc. 18) to which Plaintiffs have responded (Doc. 22). Plaintiffs have also filed a motion to amend their complaint (Doc. 20) to drop all claims against Henson and to allege federal question jurisdiction by adding a new count alleging violation of the Dodd-Frank Wall Street Reform and Consumer Protection Act (Doc. 20-1, p. 8). Wells Fargo has responded in opposition to allowing the amendment. (Doc. 24).

Federal Rule of Civil Procedure 15(a)(1)(B) allows a party to amend its pleading once as a matter of course within 21 days of service of a responsive pleading or of a motion under Rule 12(b),

(e), or (f), whichever is earlier.  Wells Fargo filed its motion to dismiss alleging lack of subject-matter jurisdiction on July 27, 2015.  Lack of subject-matter jurisdiction is a defense to a claim that may be raised in a motion pursuant to Rule 12(b).  Plaintiffs were therefore entitled to amend their complaint as a matter of course when they filed their motion to amend on August 3, 2015.

IT IS THEREFORE ORDERED that Plaintiffs' motion to amend (Doc. 20) is TERMINATED as unnecessary.  The Clerk is directed to file the amended complaint (Doc. 20-1) as of August 3, 2015.  <u>Wells Fargo is directed to file a response by Thursday, October 29, 2015</u>.

IT IS FURTHER ORDERED that Plaintiffs' motion to dismiss Defendant Henson is DENIED AS MOOT, as Henson will be terminated as a party by operation of Plaintiffs' filing of their amended complaint.

IT IS FURTHER ORDERED that Wells Fargo's motion to dismiss (Doc. 18) is DENIED AS MOOT without prejudice to Wells Fargo's ability to raise any appropriate defenses in response to Plaintiffs' amended complaint.

IT IS SO ORDERED this 16th day of October, 2015.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE