IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RANDEN and JESSICA HARMON                                                      PLAINTIFFS

v.                                            Case No. 2:15-CV-2098

WELLS FARGO BANK, N.A.                                                          DEFENDANT

## ORDER

Currently before the Court is a motion to file a second amended complaint (Doc. 40) filed by Plaintiffs Randen and Jessica Harmon. The Harmons' motion was filed in response to the Court's order (Doc. 35) granting in part and denying in part Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss. The Court granted the motion to dismiss the Dodd-Frank Title XIV cause of action raised in Count III of the first amended complaint and otherwise denied the motion. Simultaneously the Court sua sponte ordered the Harmons to show cause why their breach of covenant of good faith and fair dealing, outrage, and breach of fiduciary duty causes of action should not also be dismissed. The Harmons were also ordered to make a more definite statement as to their wrongful foreclosure cause of action. Wells Fargo has filed a reply (Doc. 41) to the Harmons' response and motion, and the Court has considered the reply.

Also pending are a motion (Doc. 42) to strike Wells Fargo's reply to the Harmons' response and motion to file a second amended complaint; a motion to compel (Doc. 45) filed by the Harmons; a motion for summary judgment (Doc. 47) filed by Wells Fargo; a motion (Doc. 50) to extend the Harmons' time to respond to the motion for summary judgment until fourteen days after Wells Fargo provides requested discovery; and a motion (Doc. 51) to strike Wells Fargo's motion for summary judgment, as well as responses to those motions. The Court will not rule on the motion for summary judgment at this time. The Court will first address the

1

response and motion to file a second amended complaint before turning to the remaining filings.

## I.      Response to Order to Show Cause and Motion to Amend (Doc. 40)

The Harmons moved to file a second amended complaint in order to make a more definite statement of their wrongful foreclosure claim and to show cause why their breach of fiduciary duty claim should not be dismissed.  The proposed second amended complaint omits the outrage and breach of covenant of good faith and fair dealing claims, and the Harmons concede that those claims should be dismissed.   The proposed second amended complaint includes additional allegations and restructures the Harmons' claims so that they are more easily understood and addressed.   It does not purport to add new claims or parties, and Wells Fargo will be prejudiced only minimally by this filing because—as it points out in its reply—any responsive pleading will be "mostly repetitious."  (Doc. 41, p. 2).  **The Court finds that the Harmons' motion to amend their complaint should be granted.  Because the second amended complaint omits the outrage and breach of covenant of good faith and fair dealing claims, those claims will no longer be before this Court and the show cause order will be discharged as to those claims**.

The Court finds that in light of the response to its order to show cause and the allegations in the second amended complaint, the Harmons have adequately shown cause that their breach of fiduciary duty claim should proceed along with their breach of contract claim.  As set out in Count II of the second amended complaint, the breach of fiduciary duty claim continues to argue primarily that Wells Fargo's fiduciary duty arose from its position as the Harmons' loan servicer.  As the Court explained in the order to show cause, this is incorrect.   The creditor/debtor relationship does not give rise to a fiduciary duty in Arkansas, and the Court would at first blush be inclined to dismiss this claim as was intended at the time it entered the sua sponte order in

December, 2015.  The Harmons cannot proceed on the theory of recovery that they have pursued thus far.  However, having determined that the breach of fiduciary duty claim cannot proceed on the basis identified by the Harmons, the Court again reviewed the allegations.  The Harmons allege that Wells Fargo received an insurance payout from Shelter Insurance Company in September of 2013 and held it in a Restrictive Trust Account for the benefit of the Harmons, but failed to use it for that purpose and then foreclosed on the Harmons' property in May of 2014.  This allegation describing a trustee/beneficiary relationship is different than the allegations describing a creditor/debtor relationship, and is sufficient to state a breach of fiduciary duty.  *See Hardy v. Hardy*, 230 S.W.2d 11, 16 (Ark. 1950) (recognizing that a trustee is responsible to a beneficiary for damage sustained because of the trustee's misconduct or neglect).  **Accordingly, the Harmons have sufficiently shown cause that they may pursue their breach of fiduciary duty claim on that theory of recovery, and the show cause order will be discharged as to this claim**.

Turning to the wrongful foreclosure cause of action, the Court has determined that there is no common law tort of wrongful foreclosure in Arkansas, and it will not recognize one in this case.  Federal courts sitting in diversity must apply the substantive law of the forum state as declared by the state's legislature in a statute or by its highest court in a decided case.  *Erie Railroad Co. v. Tompkins*, 304. U.S. 64, 78 (1938).  Where an issue of state law is unclear, the Court may make an "Erie-educated guess" as to what the state supreme court would rule if confronted with the same issue.  *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 856 (8th Cir. 2010).  In the Court's view, the Arkansas Supreme Court would not recognize a new cause of action in the tort of wrongful foreclosure because that court "treads cautiously when deciding whether to recognize a new tort. . . . While the law must adjust to meet society's changing needs,

3

[the Arkansas Supreme Court] must balance that adjustment against boundless claims in an already crowded judicial system . . . [and] will decline to recognize a new cause of action if there are sufficient other avenues, short of creating a new cause of action, that serve to remedy the situation for a plaintiff."  *Rees v. Smith*, 301 S.W.3d 467, 470–71 (Ark. 2009) (citations omitted). The Harmons have alleged the existence of a contract—a mortgage—with Wells Fargo, and have further alleged that Wells Fargo's foreclosure was a breach of that contract.  Because the breach of contract action provides the Harmons an avenue of relief for the alleged wrongful foreclosure, it is the Court's view that in this case the Arkansas Supreme Court would not recognize the new cause of action of wrongful foreclosure.  **Because there is no tort of wrongful foreclosure in Arkansas, that claim will be dismissed from the second amended complaint once that complaint has been filed**.

## II.     Motion to Compel (Doc. 45)

On April 8, 2016, the Harmons filed a motion to compel the production of discovery. Wells Fargo filed a response (Doc. 53) on April 22, 2016.  The Harmons state that discovery requests were sent to Wells Fargo in October of 2015.  Although discovery closed November 30, 2015, counsel for the Harmons states that an agreement was made with counsel for Wells Fargo to extend the time for Wells Fargo to produce the requested discovery.  Wells Fargo states that after the Harmons filed their motion to compel, Wells Fargo provided the requested responses. Wells Fargo argues that the motion to compel should be denied because the motion to compel is untimely (on the basis that the discovery deadline had passed) and because the Harmons' motion does not include a statement that the parties have conferred in good faith on the issues in dispute.

With respect to its argument regarding the discovery deadline, the Court notes that in raising this argument Wells Fargo does not deny the existence of an agreement between counsel

to produce after the close of discovery.  Wells Fargo cannot in good faith request from the Harmons an extension of time to produce past the discovery deadline and then fault the Harmons for not moving to compel production prior to that deadline.  Wells Fargo is correct, however, that the Court's scheduling order puts the parties on notice that it will not resolve discovery disputes after the close of discovery, and counsel for the Harmons should have been mindful of this in agreeing to an extension with Wells Fargo.

With respect to its argument that the motion to compel does not include a statement that the parties have conferred in good faith, Wells Fargo is correct that the motion can be denied on that ground alone.  However, the Court is not required to deny the motion on that basis alone.  Notably, Wells Fargo does *not* state that there was no conference, and the Court also notes the Harmons' statement in their motion for an extension of time to respond to the motion for summary judgment that several such conferences occurred.  (Doc. 50, ¶ 3).  While the Court would be inclined to overlook the technical deficiency in the Harmons' motion and reach its merits, that is unnecessary at this time because Wells Fargo also argues that it produced the requested discovery after the motion to compel was filed, and the motion should therefore be denied.

Because Wells Fargo's production moots the need for the Court to compel that production, the motion to compel will be denied without prejudice, though the Harmons may refile the motion if they believe Wells Fargo's production is deficient and the Court will consider such a motion even though discovery has closed.  Consistent with Federal Rule of Civil Procedure 37(a)(5)(A), because the requested discovery was provided only after the motion was filed, the Court will require the party or attorney whose conduct necessitated the motion to pay the Harmons' reasonable expenses incurred in making the motion unless there is a reason not to.

5

*See* Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii).  **If the Harmons seek their reasonable expenses on this motion, they may file an affidavit setting out those expenses within seven days of entry of this order.  If no affidavit is timely-filed, no expenses will be awarded.  Wells Fargo may respond to any affidavit within seven days of its filing**.

### III.     Motions to Strike (Docs. 42, 51)

The Harmons filed a motion to strike Wells Fargo's reply to their response to the Court's order to show cause and a motion to strike Wells Fargo's motion for summary judgment. Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Neither Wells Fargo's reply nor its motion for summary judgment is a pleading.  Fed. R. Civ. P. 7(a). Striking these documents from the record is not procedurally appropriate and the motions to strike will therefore be denied.

### IV.     Motion for Extension of Time (Doc. 50)

The Harmons move for an extension of time to respond to the motion for summary judgment.  The basis of this motion is the then-absent discovery that was the basis for the motion to compel.  In this case, the Court finds that that the failure of production is good cause to extend the deadline.  Wells Fargo has since produced the discovery, but does not say when that production was made.  **Accordingly, the Harmons' motion to extend will be granted, and their response to Wells Fargo's motion for summary judgment is due within fourteen days of the entry of this order**.

### V.     Conclusion

IT IS THEREFORE ORDERED that the Harmons' motion (Doc. 40) to amend their complaint is GRANTED, and the Clerk of Court is directed to immediately file the second

amended complaint (Doc. 40-1).

IT IS FURTHER ORDERED that the wrongful foreclosure cause of action in the second amended complaint is DISMISSED.

IT IS FURTHER ORDERED that the Harmons have adequately responded to the Court's order to show cause, and that order is DISCHARGED.

IT IS FURTHER ORDERED that the Harmons' motion (Doc. 45) to compel is DENIED AS MOOT.  The Harmons may file an affidavit setting out their expenses related to that motion by May 6, 2016.  Wells Fargo may respond to any such affidavit within seven days of its filing.

IT IS FURTHER ORDERED that the Harmons' motions (Docs. 42, 51) to strike are DENIED.

IT IS FURTHER ORDERED that the Harmons' motion (Doc. 50) for extension of time to file a response is GRANTED, and their response to Wells Fargo's motion for summary judgment is due by May 13, 2016.

IT IS SO ORDERED this 29th day of April, 2016.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE